UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARIUS TOLIVER,

        Defendant.

Case No. 16-cr-51-pp

---

**ORDER CLARIFYING JUDGMENT REGARDING THE FACT THAT THE DEFENDANT IS NOT REQUIRED TO START MAKING RESTITUTION PAYMENTS UNTIL THIRTY DAYS AFTER HE IS RELEASED TO SUPERVISION**

---

On November 21, 2017, the court sentenced the defendant. Dkt. Nos. 112, 113. As part of that sentence, the court required the defendant to pay restitution jointly and severally with his co-defendants. Dkt. No. 113 at 4. The court ordered the defendant to make the restitution payments at a rate of $50 per month. Id. On page 6 of the judgment, under "Schedule of Payments," the court marked box B, "Payment to begin immediately," to indicate that the defendant's obligation to pay the $500 special assessment began immediately. It also marked box D, "Payment in equal monthly installments of not less than $50.00, until paid in full, to commence 30 days after release from imprisonment to a term of supervision." Id. at 6. The court intended that the defendant's obligation to begin his $50-per-month restitution payments would not start until thirty days after he is released to supervised release.

1

On November 13, 2018, the court received a letter from the defendant, who is in custody at the Oxford Federal Correctional Institution. Dkt. No. 133. The defendant says in the letter that he is writing regarding his federal restitution payments. He says that his payments recently went up from $25 quarterly to $150 monthly because he missed two payments (due to restricted employment options at the institution). As a result of this increase, the defendant says, he is on "FRP refusal"—a reference to payments under the Inmate Financial Responsibility program payments. The defendant also mentions that during a six-month period, he received "a substantial amount of finance," another factor in the increase from the standard IFRP payment for non-UNICOR and UNICOR grade 5 inmates of $25 per month. He asks the court to inform him "of the proper information needed to make acceptable payments via family in order to be taken off FRP refusal until [he] is eligible [for] employment that's reasonable enough to pay . . . from within the restitution where [he] reside[s]." Id.

The only thing the court can do for the defendant is clarify what it intended in the judgment regarding his financial obligations. The court intended for the defendant to pay the $500 special assessment immediately. It is possible that the institution has been applying the $25-per-quarter IFRP payments to the defendant's $500 special assessment. If so, that is what the court intended. The court intended the defendant to pay the $500 special assessment while he is in custody.

It is possible that the institution has been applying the $25-per-quarter IFRP payments to the defendant's $12,725.75 restitution obligation. If that is the case, that is *not* what the court intended. The court intended that the defendant should not start paying his restitution installment payments until thirty days *after* he is released from custody to supervision. The court did *not* intend the defendant to have to make payments toward restitution while he is in custody.

Finally, the court notes that different prisons have different policies about how inmates repay their immediate financial obligations. Some institutions may simply take out $25 per quarter regardless of how much money the inmate receives from employment or outside sources such as friends and family. Others structure the amount the defendant must pay based on the amount of income he receives, both from prison employment and from "non-institution (community) resources," such as money deposited by family and friends. See Program Statement, U.S. Department of Justice, Federal Bureau of Prisons, regarding the inmate financial responsibility program. https://www.google.com/search?q=frp+bureau+of+prisons&ie=utf-8&oe=utf-8&client=firefox-b-1-ab

The court does not know, but it is possible that Oxford calculates how much an inmate must pay toward his immediate financial obligations by looking at the inmate's total income, both from prison work and from non-institution resources. The defendant should talk with his case manager and his unit staff about Oxford's policies in this regard. He should work with the unit

team and his case manager to make sure that (a) his IFRP payments are going only toward the $500 special assessment, and not toward his restitution payments, (b) he understands whether Oxford includes money from family and friends when calculating his IFRP payments, and (c) he can afford whatever payments he is being asked to make. The staff at Oxford may contact the probation office in the Eastern District of Wisconsin if they have any questions about the judgment as it relates to the defendant's financial obligations, or about this order.

Dated in Milwaukee, Wisconsin this 15th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**